UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>                                        Plaintiff,<br><br>vs.<br><br>JUDGE ANDREW G. SCHOPLER;<br>JUDGE BERNARD G. SKOMAL;<br>JUDGE BARBARA LYNN MAJOR,<br><br>                                        Defendants. | Case No.:  3:24-cv-00205-JAH-DDL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1), (2)** |

Plaintiff Steve Wayne Bonilla, currently incarcerated at California Medical Facility in Vacaville, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff is a serial litigant, and seeks to have his Alameda County criminal judgment and death sentence in Case No. C-02-0636 MHP declared "null and void."  (*See* Compl. at 3–4.)  Bonilla claims he is actually innocent, falsely imprisoned, and entitled to compensatory damages because the named Defendants, all federal judges, have denied him due process by failing to grant him habeas relief and acknowledge his conviction is the result of a miscarriage of justice and a "fraud on the Court."  (*Id.* at 4.)

1

1   **I.      Failure to Pay Filing Fee or Request IFP Status**

2          All parties instituting any civil action, suit or proceeding in a district court of the

3   United States, except an application for writ of habeas corpus, must pay a filing fee of

4   $405.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the

5   entire fee only if the Plaintiff seeks and the court grants him leave to proceed *in forma*

6   *pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d

7   1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th

8   Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot]

9   proceed unless and until the fee[s] [a]re paid.").

10         "While the previous version of the IFP statute granted courts the authority to waive

11  fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act]

12  amended the IFP statute to include a carve-out for prisoners:  under the current version of

13  the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the

14  prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767

15  (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for

16  collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

17         Therefore, to proceed IFP, prisoners must "submit[] an affidavit that includes a

18  statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund

19  account statement (or institutional equivalent) for … the 6-month period immediately

20  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2).  Using this financial

21  information, the court "shall assess and when funds exist, collect, … an initial partial

22  filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's

23  account' or 'the average monthly balance in the prisoner's account' over a 6-month term;

24  the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding

25  month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28

26  U.S.C. § 1915(b)(1)–(2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

27  / / /

1    Bonilla has neither paid the $405 filing pursuant to 28 U.S.C. § 1914(a) nor

2 submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

3 Therefore, his case cannot yet proceed.  *See Andrews*, 493 F.3d 1047, 1051; *Hymas,* 73

4 F.4th at 765.

5    And while the Court would typically grant Bonilla leave to file an IFP Motion, he

6 has abused that privilege many times in the past and is precluded from doing so now

7 unless he faced "imminent danger of serious physical injury" at the time of filing.  28

8 U.S.C. § 1915(g).  "A negative consequence that may impact a prisoner who files []

9 frivolous complaint[s] is a restriction on his ability to file future cases without prepaying

10 filing fees."  *Harris v. Mangum*, 863, F.3d 1133, 1139 (9th Cir. 2017).  Pursuant to

11 § 1915(g), a prisoner with three "strikes," *i.e.,* prior civil cases or appeals dismissed as

12 frivolous, malicious, or for failing to state a claim, "cannot proceed IFP."  *Andrews v.*

13 *King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  Bonilla is one of those prisoners, and he

14 makes no plausible allegations of imminent danger here.  *See In re Steven Bonilla*, 2012

15 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the

16 Northern District of California, including the dismissal of 34 pro se civil rights actions

17 between June 1 and October 31, 2011 alone, which were dismissed "because the

18 allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3

19 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g),

20 he no longer qualifies to proceed *in forma pauperis* in any civil rights action."  (citing *In*

21 *re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

22 **II.    Initial Screening per 28 U.S.C. § 1915A(b)**

23    Even if Bonilla paid the full filing fee or were eligible to proceed IFP, however, 28

24 U.S.C. § 1915A, also enacted as part of the PLRA, requires *sua sponte* dismissal of

25 prisoner complaints like his, or any portions of them, which are "frivolous, malicious,"

26 those that "fail[ ] to state a claim upon which relief may be granted," or those that "seek[]

27 monetary relief from a defendant who is immune."  28 U.S.C. § 1915A(b)(1), (2);

1    *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). "The purpose of § 1915A is to

2    'ensure that the targets of frivolous or malicious suits need not bear the expense of

3    responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation

4    omitted).

5        As noted above, Bonilla seeks both to vacate his state criminal judgment and

6    sentence via a federal collateral attack *and* to sue three Southern District of California

7    judges for compensatory damages pursuant to 42 U.S.C. § 1983 for failing to declare his

8    Alameda County Superior Court conviction "null and void." (*See* Compl. at 5.)  He may

9    do neither.

10       First, to the extent Bonilla seeks to challenge the validity of his conviction and

11   sentence, a habeas corpus action is his sole federal remedy.  A lawsuit under 42 U.S.C.

12   § 1983 is inappropriate.  *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from

13   penal custody is not an available remedy under the Civil Rights Act"); *Nettles v.*

14   *Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive

15   remedy to attack the legality of [a] conviction or sentence...."); *cf. Wilkinson v. Dotson*,

16   544 U.S. 74, 81 (2005) ("[Section] 1983 remains available for procedural challenges

17   where success in the action would not necessarily spell immediate or speedier release for

18   the prisoner . . . habeas remedies do not displace § 1983 actions where success in the civil

19   rights suit would not necessarily vitiate the legality of (not previously invalidated) state

20   confinement.").

21       Second, to the extent Bonilla seeks damages against U.S. District Judge Schopler

22   and U.S. Magistrate Judges Skomal and Major for "fail[ing] to discharge their mandatory

23   duty" and thereby "contribut[ing] to [his] unlawful conviction," *see* Compl. at 3, his

24   Complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because these judges

25   are absolutely immune.  *See Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016)

26   (noting that 28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any

27   time" if it "seeks monetary relief from a defendant who is immune from such relief.");

1  *see also* 28 U.S.C. § 1915A(b)(2) ("On review [of a civil action filed by a prisoner

2  seeking redress from a governmental entity or officer] the court shall identify cognizable

3  claims or dismiss the complaint, or any portion of the complaint, if [it]—(2) seeks

4  monetary relief from a defendant who is immune.").

5      Judges are absolutely immune from damage liability for acts which are judicial in

6  nature.  *Forrester v. White*, 484 U.S. 219, 227–229 (1988); *see also Stump v. Sparkman*,

7  435 U.S. 349, 355–57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  Judicial

8  immunity applies to cases brought under 42 U.S.C. § 1983 for acts committed within the

9  scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are

10 alleged to have been done maliciously or corruptly."  *Stump*, 435 U.S. at 356.  "[A] judge

11 will not be deprived of immunity because the action he took was in error, was done

12 maliciously, or was in excess of his authority; rather, he will be subject to liability only

13 when he has acted in the clear absence of all jurisdiction."  *Id.* at 356–37; *see also*

14 *Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an

15 allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

16     Here, Bonilla contends the Defendant judges as a "reviewing court" have

17 "demonstrated very clearly their reckless and malicious disregard for [his] right to due

18 process," by "advocating from the bench in a capricious manner," and by failing to "void

19 [his] judgment" via his "collateral attack[s]."  (*See* Compl. at 3.)  But despite Bonilla's

20 allegations that Defendants ruled "without authority," *id.*, habeas corpus petitions are

21 clearly matters over which federal judges have subject matter jurisdiction.  *See* 28 U.S.C.

22 § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall

23 entertain an application for a writ of habeas corpus in behalf of a person in custody

24 pursuant to the judgment of a State court….."); *Ashelman v. Pope*, 793 F.2d 1072, 1075

25 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken

26 within the jurisdiction of their courts).

27 / / /

Therefore, Bonilla's claims for money damages against Judges Schopler, Skomal, and Major must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(2) based on their absolute immunity. *See Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)). When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Office*, 981 F.2d 1257, at *1 (9th Cir. 1992) (unpublished). And if an action is frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

**III.    Conclusion and Order**

For all these reasons, the Court: (1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a); (2) **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2); (3) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2024

_____
Hon. John A. Houston
United States District Judge

3:24-cv-00205-JAH-DDL